**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **EDWARD DIONTA WHITE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| vs. | ) | Case No. 13-CV-128-TCK-PJC |
| | ) | |
| **CITY OF TULSA, OKLAHOMA,** | ) | |
| a political subdivision, | ) | |
| **ERIC J. HILL, in his individual capacity,** | ) | |
| **RON PALMER, in his individual capacity,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## OPINION AND ORDER

Before the Court is Plaintiff's Motion for Leave of Court to File Second Amended Complaint (Doc. 48), wherein Plaintiff requests leave to add two new claims for relief based on the Oklahoma Supreme Court's decision in *Bosh v. Cherokee County Building Authority*, 305 P.3d 994 (Okla. 2013). Defendants Ronald Palmer ("Palmer") and the City of Tulsa ("City") (collectively "Defendants") oppose the motion, or, alternatively, request that the Court certify a question to the Oklahoma Supreme Court prior to ruling on the motion to amend. Defendant Eric Hill ("Hill") did not respond to the motion for leave to amend.

**I.   Factual Background**

On September 5, 2013, the Court issued an Opinion and Order setting forth the alleged facts and ruling on pending motions to dismiss filed by Defendants. (9/5/13 Opinion and Order, Doc. 49.) Such order is incorporated herein by reference.

**II.   Legal Standards**

Federal Rule of Civil Procedure 15(a)(2) provides that a court should "freely give leave [to amend] when justice so requires." Courts "generally refuse leave to amend only on a showing of

undue delay, undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Duncan v. Manager, Dep't of Safety, City and Cnty. of Denver*, 397 F.3d 1300, 1315 (10th Cir. 2005). In this case, Defendants argue that "Plaintiff's request to amend his complaint seeks to extend *Bosh* beyond the expressed scope of the opinion" and that *Bosh* does not apply to the facts alleged. (Resp. to Mot. to Amend 3.) Defendants' argument sounds in futility, and the Court will therefore analyze whether the tenth and eleventh claims in Plaintiff's proposed Second Amended Complaint are subject to dismissal for failure to state a claim. *See Gohier v. Enright*, 186 F.3d 1216, 1218 (10th Cir. 1999) ("A proposed amendment is futile if the complaint, as amended, would be subject to dismissal. The futility question is functionally equivalent to the question whether a complaint may be dismissed for failure to state a claim.") (internal citation omitted).

**III.    Futility**

The plaintiff in *Bosh* filed suit in the Eastern District of Oklahoma, alleging that jailers at a Cherokee County detention center allegedly attacked and beat him while he was detained in handcuffs. *Bosh v. Cherokee Cnty. Bldg. Auth.*, 305 P.3d 994, 997 (Okla. 2013). The court dismissed the tort claims against the Cherokee County Building Authority ("Authority") based on exemptions from liability for the operation of prisons, jails, or correctional facilities set forth in title 51, section 155(24) of the Oklahoma Governmental Tort Claims Act ("OGTCA"). *Id.* However, the court permitted the plaintiff to amend his complaint to assert a claim against the Authority under article 2, section 30 of the Oklahoma Constitution ("Article 2, § 30").[1] *Id.* at 997. After the Authority filed

---

[1] This section, which is part of the Oklahoma Constitution's Bill of Rights, provides:

The right of the people to be secure in their persons, houses, papers, and effects

a second motion to dismiss, the court certified four questions to the Oklahoma Supreme Court. The Oklahoma Supreme Court reformulated the questions, consolidated them into three questions, and answered them as follows:

> 1. Does the Okla. Const. art. 2, § 30 provide a private cause of action for excessive force, notwithstanding the limitations of the Oklahoma Governmental Tort Claims Act, 51 O.S. 2011 §§ 151 et. seq.?
>
> 2. If such a right exists, is the cause of action recognized retrospectively?
>
> 3. Are the standards of municipal liability coterminous with a Federal § 1983 action or does the common law theory of *respondeat superior* apply to such action?
>
> We answer the questions as follows:
>
> 1. The Okla. Const. art 2, § 30 provides a private cause of action for excessive force, notwithstanding the limitations of the Oklahoma Governmental Tort Claims Act, 51 O.S. 2011 §§ 151 et seq.
>
> 2. The action is recognized retrospectively.
>
> 3. The common law theory of *respondeat superior* applies to municipal liability under such an action.

*Id.* at 996.

In this case, Plaintiff seeks to amend his complaint to add two claims arising under Article 2, § 30 against Hill, Palmer, and the City. The two proposed claims, which are identical except for the dates of the alleged conduct, provide:

> Defendants Eric Hill and Ron Palmer were acting under color of law while employed by Defendant City of Tulsa. Defendant Eric Hill *unlawfully searched and seized*

---

against unreasonable searches or seizures shall not be violated; and no warrant shall issue but upon probable cause supported by oath or affirmation, describing as particularly as may be the place to be searched and the person or thing to be seized.

Okla. Const. art. 2, § 30.

3

>Plaintiff on [July 20, 2008/November 20, 2008]. Defendant Palmer *failed to supervise and/or train* Defendant Eric Hill in a manner to safeguard Plaintiff's constitutional rights. Defendant Eric Hill's actions were a proximate cause of Plaintiff's injuries. Defendant Palmer's actions and inactions were a proximate cause of Plaintiff's injuries. Defendant City of Tulsa is liable for the tortious actions of Defendants Hill and Palmer under *respondeat superior*.

(Proposed Second Am. Compl., ¶¶ 94-107, Doc. 48-1 (emphasis added).) Unlike in *Bosh*, the allegations against Hill and Palmer do not involve excessive force. Instead, Plaintiff contends that Hill unreasonably searched and/or seized Plaintiff by fabricating evidence and testimony and that Palmer failed to supervise or train Hill to prevent him from doing so. Defendants argue that amendment is futile because the private cause of action recognized in *Bosh* extends only to violations of Article 2, § 30 that are premised upon the use of excessive force. (*See* Resp. to Mot. to Amend 2 ("Plaintiff urges this Court to expand a novel or complex issue of State law and extend *Bosh* beyond the expressed terms of the opinion.").) Plaintiff argues that, although the facts involved excessive force, the private remedy recognized in *Bosh* necessarily extends to other types of violations of the rights protected by Article 2, § 30. (*See* Mot. to Amend 3 ("While *Bosh* deals with an excessive force claim there is not a rational reason § 30 would not also protect Oklahoma citizens from unlawful search and seizure.").)

The Court interprets *Bosh* to recognize a private cause of action for violations of the rights protected by Article 2, § 30, rather than merely recognizing a private right of action for excessive force, for three reasons. First, the language of the Oklahoma Constitution itself, from which the private right of action recognized in *Bosh* arises, supports this conclusion. The provision, which tracks the Fourth Amendment of the United States Constitution, protects in relevant part the right of Oklahoma citizens to be "secure . . . against unreasonable searches and seizures." Okla. Const. art.

2, § 30. If a private right of action exists to remedy searches or seizures that are unlawful due to excessive force, it is logical that a private right of action also exists to remedy searches or seizures that are unlawful for other reasons. The Court finds it unlikely that the Oklahoma Supreme Court would carve out one type of Article 2, § 30 violation and exclude other types of violations. Thus, although it was answering the certified question in an excessive force case, and its holding was couched in terms of excessive force, the Oklahoma Supreme Court's rationale logically extends to other types of violations of this provision.[2]

Second, in footnote 33, the *Bosh* court cited with approval the Connecticut Supreme Court's decision in *Binette v. Sabo*, 710 A.2d 688 (Conn. 1998) (recognizing constitutional tort claim for violation of Connecticut constitutional provision identical to Article 2, § 30). *Bosh*, 305 P.3d at 1001 n.33. The Oklahoma Supreme Court explained the *Binette* decision as (1) creating a private right of action "for money damages stemming form [sic] alleged violations of search and seizure and arrest," and (2) "recogniz[ing] that compelling policy considerations favored the creation of a constitutional tort to ensure the citizens a remedy when their constitutional rights were violated by a police officer or similar actor," notwithstanding the availability of other remedies. *Id.* This citation to *Binette* indicates that the Oklahoma Supreme Court was aligning itself with those states creating a

---

[2] The Court is not aware of any state that has created a civil damages claim for violation of a state constitutional provision, but limited that claim to one specific type of violation, such as use of excessive force. *See generally* Gary S. Gildin, *Redressing Deprivations of Rights Secured By State Constitutions Outside the Shadow of the Supreme Court's Constitutional Remedies Jurisprudence*, 115 Penn St. L. Rev. 877, 885-86 (2011) (explaining various methods by which courts have established private damages actions for violations of state constitutional rights in absence of legislative authorization, including cases authorizing a remedy for violations of the right to be secure against unreasonable searches and seizures).

constitutional tort for violation of citizens' rights to be secure against unreasonable searches and seizures, rather than creating a more limited claim for only those cases involving excessive force.

Third, other Oklahoma federal courts have indicated, although without analysis or discussion, that the cause of action recognized in *Bosh* is not limited to excessive force claims. *See Ibarra v. City of Tahlequah*, No. 12-CV-98-JHP, 2013 WL 1991546, at *2 (E.D. Okla. May 13, 2013) ("Article 2, § 30 of the Oklahoma Constitution mirrors the Fourth Amendment of the United States Constitution. Accordingly, a plaintiff may seek relief under the private right of action created by *Bosh* for violations of Article 2, § 30 of the Oklahoma Constitution."); *Leonard v. City of Tulsa*, No. 13-CV-256-CVE, 2013 WL 3216078, at *3 (N.D. Okla. June 24, 2013) ("Through *Bosh*, the Oklahoma Supreme Court squarely answered the question of whether plaintiff may assert a claim for violation of that section [Article 2, Section 30] of the Oklahoma Constitution."). The allegations in *Ibarra* and *Leonard* involved a variety of potential violations of Article 2, § 30, including excessive force, rendering them factually distinguishable from this case. However, these courts' broad descriptions of the right of action recognized in *Bosh* are consistent with this Court's conclusion. Therefore, the Court holds that Plaintiffs' proposed tenth and eleventh claims for violation of Article 2, § 30 are actionable, even though Plaintiff's allegations against Hill and Palmer do not involve excessive force.[3]

Although not raised by Defendants, the Court addresses *sua sponte* whether the proposed claims against the City are futile due to prior rulings in this case. In ruling on pending motions to

---

[3] The Court finds no reason to certify this question to the Oklahoma Supreme Court, as the question has been adequately answered in *Bosh*. Nor does the Court view its decision as "expanding state law," as argued by Defendants. *See Taylor v. Phelan*, 9 F.3d 882, 888 (10th Cir. 1993) ("As a federal court, we are generally reticent to expand state law without clear guidance from its highest court.").

6

dismiss, the Court previously held that Hill was acting outside the scope of employment in committing any torts:

> The Court concludes that knowingly planting contraband, falsely accusing a citizen of possessing the contraband, and committing perjury in a preliminary hearing constitute an "unlawful usurpation of power" that Hill did not rightfully possess as a TPD officer. Unlike a case where an officer begins an arrest legally but then later potentially abuses that power, this case involves an entirely fabricated and illegal arrest. Only one reasonable inference can be drawn, and there is no "scope of employment" question for the jury.

(9/5/13 Opinion and Order, Doc. 49, at 8.) For the same reasons, the City cannot be liable for any violation of Article 2, § 30 committed by Hill, and the proposed tenth and eleventh claims against the City are futile to the extent they are based upon the conduct of Hill. *See Bosh*, 305 F.3d at 1004 (holding that municipal liability attaches in Article 2, § 30 actions if "employees are acting within the scope of employment").[4]

## IV. Conclusion

Plaintiff's Motion for Leave of Court to File Second Amended Complaint (Doc. 48) is GRANTED. Plaintiff may file his Second Amended Complaint no later than three days from the date of this Order. Based on the Court's prior rulings, Plaintiff's tenth and eleventh claims against the City are limited to *respondeat superior* liability for the actions of Palmer. All prior rulings in the 9/5/13 Opinion and Order shall apply equally to the allegations in the Second Amended Complaint.

SO ORDERED this 24th day of October, 2013.

*Terence Kern*
**TERENCE KERN**
**United States District Judge**

---

[4] The Court has not addressed whether Palmer's alleged conduct was within the scope of his employment, and the proposed claims against the City premised upon the conduct of Palmer are not futile.